THE SOUTH AMERICAN SECURITIES COMPANY and LUDIVICO SCHAFER, Respondents, *v.* JOHN JAY MCKELVEY, Defendant, Impleaded with ELIAS M. JOHNSON, Appellant.

First Department, March 23, 1917.

Deposition — examination of defendant before trial — prior adjudication that plaintiff has no interest in controversy — subsequent intervention of other plaintiffs.

The court in its discretion should not grant an order for the examination of a defendant before trial where it has been determined in another action in the Federal court that the plaintiff seeking the examination of the defendant has no interest in the controversy, even though the prior adjudication is not binding upon the plaintiff because it is not also binding upon the defendant.

Where the action is brought against the defendant as the manager of a syndicate, charging him with certain wrongdoing and seeking an accounting on behalf of other syndicate members who may come in and join as plaintiffs, the order for the examination before trial cannot be upheld because another person, claimed to be a syndicate member, has subsequently joined as plaintiff, if the new plaintiff has made no complaint and has presented no issue for denial by the defendant and has not joined in the application for his examination. The right of the examination depends upon the rights of the original plaintiff.

APPEAL by the defendant, Elias M. Johnson, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of February, 1917, denying his motion to vacate an order for his examination before trial.

*Charles P. Howland,* for the appellant.

*M. Robert Moers,* for the respondents.

SMITH, J.:

This case is an unusual one. A syndicate was formed to furnish funds to carry on the construction of a railway in Uruguay. In this syndicate $1,000,000 was subscribed, of which the plaintiff, the South American Securities Company, subscribed $100,000. The defendants were made managers of the syndicate. The complaint alleges that the said syndicate agreement provided for its termination in two years from the 15th of October, 1910, and that the agreement expired in October, 1912. This action is brought to compel the defendants as such managers to liquidate the said syndicate. At the same time the defendants are charged with failing to exercise reasonable diligence, and willfully refusing to execute the provisions of the agreement, and generally failing in the performance of their trust duties as managers of said syndicate and with having misappropriated property belonging to the syndicate. The action is brought on behalf of the plaintiff and other syndicate members who might come in and join as plaintiffs. The relief demanded is that the syndicate agreement be liquidated and the defendants be declared no longer managers of said syndicate, that new managers be appointed, and that the defendants account for all their acts as syndicate managers and make good either by the return of the securities wrongfully disposed of or by payment to the new syndicate managers in liquidation thereof, and that the defendant McKelvey be required to pay to said new syndicate managers in liquidation, when appointed, the moneys actually due by him on any calls actually and properly made under the syndicate agreement, and for other equitable relief. The answer, denying most of the allegations of the complaint, especially denies that the plaintiff is now one of the syndicate subscribers to the agreement or has any interest whatever in the syndicate created by said agreement.

It appears by the affidavit of the defendant Johnson, and is not contradicted, that a decree has been entered in the District Court for the Southern District of New York in which the plaintiff, the South American Securities Company, was a party, in which decree it was adjudicated that the said plaintiff was not entitled to any interest in the syndicate, but that

such interest as the said plaintiff claimed must be transferred to a defendant in that action, the Pan American Trans-continental Railway Company. While that decree is probably not an adjudication conclusive in this action, and is not binding as against the plaintiff because it is not binding upon the defendant, nevertheless while such decree remains unreversed the discretion of this court should not be exercised to grant an examination before trial in behalf of a plaintiff who it has been determined has no interest in this controversy.

Pursuant to the permission granted in the complaint, another party claiming to be a syndicate member has joined as plaintiff in this action, and unites with the original plaintiff, the South American Securities Company, in upholding this order for the examination of the defendants. But this plaintiff, Ludivico Schafer, has made no complaint and has presented no issue for denial by the defendants, and apparently did not join in the application for this examination. This order should not be sustained on his behalf until his rights more clearly appear and until the defendants have had opportunity to challenge his right to examine them before trial. This order must stand upon the right of the South American Securities Company alone, and should be reversed, and the motion granted, without prejudice to any application which may be made by the plaintiff Schafer for any relief to which he may deem himself entitled.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs as against the South American Securities Company, without prejudice to any application the plaintiff Schafer may hereafter make in his own behalf.

CLARKE, P. J., LAUGHLIN, SCOTT and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs against the South American Securities Company, without prejudice to application by plaintiff Schafer for any relief to which he may deem himself entitled.